# STATUTORY AND REGULATORY ADDENDUM

# CONTENTS

<u>Statutes</u> <u>Page</u>

5 U.S.C. § 553 ............................................................................................. A-1

5 U.S.C. § 706 ............................................................................................. A-3

49 U.S.C. § 46110 ....................................................................................... A-4

<u>Regulations</u>

14 C.F.R. § 121.306 .................................................................................... A-5

14 C.F.R. § 121.589 .................................................................................... A-6

**5 U.S.C. § 553—Rule making.**

**(a)** This section applies, according to the provisions thereof, except to the extent that there is involved—
    **(1)** a military or foreign affairs function of the United States; or
    **(2)** a matter relating to agency management or personnel or to public property, loans, grants, benefits, or contracts.

**(b)** General notice of proposed rule making shall be published in the Federal Register, unless persons subject thereto are named and either personally served or otherwise have actual notice thereof in accordance with law.  The notice shall include—
    **(1)** a statement of the time, place, and nature of public rule making proceedings;
    **(2)** reference to the legal authority under which the rule is proposed; and
    **(3)** either the terms or substance of the proposed rule or a description of the subjects and issues involved.

    Except when notice or hearing is required by statute, this subsection does not apply—
        **(A)** to interpretative rules, general statements of policy, or rules of agency organization, procedure, or practice; or
        **(B)** when the agency for good cause finds (and incorporates the finding and a brief statement of reasons therefor in the rules issued) that notice and public procedure thereon are impracticable, unnecessary, or contrary to the public interest.

**(c)** After notice required by this section, the agency shall give interested persons an opportunity to participate in the rule making through submission of written data, views, or arguments with or without opportunity for oral presentation.  After consideration of the relevant matter presented, the agency shall incorporate in the rules adopted a concise general statement of their basis and purpose.  When rules are required by statute to be made on the record after opportunity for an agency hearing, sections 556 and 557 of this title apply instead of this subsection.

**(d)** The required publication or service of a substantive rule shall be made not less than 30 days before its effective date, except—

**(1)** a substantive rule which grants or recognizes an exemption or relieves a restriction;
**(2)** interpretative rules and statements of policy; or
**(3)** as otherwise provided by the agency for good cause found and published with the rule.

**(e)** Each agency shall give an interested person the right to petition for the issuance, amendment, or repeal of a rule.

A-2

**5 U.S.C. § 706—Scope of review.**

To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall—

> **(1)** compel agency action unlawfully withheld or unreasonably delayed; and
> **(2)** hold unlawful and set aside agency action, findings, and conclusions found to be—
>> **(A)** arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
>> **(B)** contrary to constitutional right, power, privilege, or immunity;
>> **(C)** in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;
>> **(D)** without observance of procedure required by law;
>> **(E)** unsupported by substantial evidence in a case subject to sections 556 and 557 of this title or otherwise reviewed on the record of an agency hearing provided by statute; or
>> **(F)** unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.

In making the foregoing determinations, the court shall review the whole record or those parts of it cited by a party, and due account shall be taken of the rule of prejudicial error.

**49 U.S.C. § 46110—Judicial review.**

**(a) Filing and Venue.—** Except for an order related to a foreign air carrier subject to disapproval by the President under section 41307 or 41509(f) of this title, a person disclosing a substantial interest in an order issued by the Secretary of Transportation (or the Under Secretary of Transportation for Security with respect to security duties and powers designated to be carried out by the Under Secretary or the Administrator of the Federal Aviation Administration with respect to aviation duties and powers designated to be carried out by the Administrator) in whole or in part under this part, part B, or subsection (*l*) or (s) of section 114 may apply for review of the order by filing a petition for review in the United States Court of Appeals for the District of Columbia Circuit or in the court of appeals of the United States for the circuit in which the person resides or has its principal place of business.  The petition must be filed not later than 60 days after the order is issued.  The court may allow the petition to be filed after the 60th day only if there are reasonable grounds for not filing by the 60th day.

**(b) Judicial Procedures.—** When a petition is filed under subsection (a) of this section, the clerk of the court immediately shall send a copy of the petition to the Secretary, Under Secretary, or Administrator, as appropriate.  The Secretary, Under Secretary, or Administrator shall file with the court a record of any proceeding in which the order was issued, as provided in section 2112 of title 28.

**(c) Authority of Court.—** When the petition is sent to the Secretary, Under Secretary, or Administrator, the court has exclusive jurisdiction to affirm, amend, modify, or set aside any part of the order and may order the Secretary, Under Secretary, or Administrator to conduct further proceedings.  After reasonable notice to the Secretary, Under Secretary, or Administrator, the court may grant interim relief by staying the order or taking other appropriate action when good cause for its action exists.  Findings of fact by the Secretary, Under Secretary, or Administrator, if supported by substantial evidence, are conclusive.

**(d) Requirement for Prior Objection.—** In reviewing an order under this section, the court may consider an objection to an order of the Secretary, Under Secretary, or Administrator only if the objection was made in the proceeding conducted by the Secretary, Under Secretary, or Administrator or if there was a reasonable ground for not making the objection in the proceeding.

**(e) Supreme Court Review.—** A decision by a court under this section may be reviewed only by the Supreme Court under section 1254 of title 28.

**14 C.F.R. § 121.306—Portable electronic devices.**

**(a)** Except as provided in paragraph (b) of this section, no person may operate, nor may any operator or pilot in command of an aircraft allow the operation of, any portable electronic device on any U.S.-registered civil aircraft operating under this part.

**(b)** Paragraph (a) of this section does not apply to—
    **(1)** Portable voice recorders;
    **(2)** Hearing aids;
    **(3)** Heart pacemakers;
    **(4)** Electric shavers; or
    **(5)** Any other portable electronic device that the part 119 certificate holder has determined will not cause interference with the navigation or communication system of the aircraft on which it is to be used.

**(c)** The determination required by paragraph (b)(5) of this section shall be made by that part 119 certificate holder operating the particular device to be used.

**14 C.F.R. § 121.589—Carry-on baggage.**

**(a)** No certificate holder may allow the boarding of carry-on baggage on an airplane unless each passenger's baggage has been scanned to control the size and amount carried on board in accordance with an approved carry-on baggage program in its operations specifications.  In addition, no passenger may board an airplane if his/her carry-on baggage exceeds the baggage allowance prescribed in the carry-on baggage program in the certificate holder's operations specifications.

**(b)** No certificate holder may allow all passenger entry doors of an airplane to be closed in preparation for taxi or pushback unless at least one required crewmember has verified that each article of baggage is stowed in accordance with this section and § 121.285 (c) and (d).

**(c)** No certificate holder may allow an airplane to take off or land unless each article of baggage is stowed:
    **(1)** In a suitable closet or baggage or cargo stowage compartment placarded for its maximum weight and providing proper restraint for all baggage or cargo stowed within, and in a manner that does not hinder the possible use of any emergency equipment; or
    **(2)** As provided in § 121.285 (c) and (d); or
    **(3)** Under a passenger seat.

**(d)** Baggage, other than articles of loose clothing, may not be placed in an overhead rack unless that rack is equipped with approved restraining devices or doors.

**(e)** Each passenger must comply with instructions given by crewmembers regarding compliance with paragraphs (a), (b), (c), (d), and (g) of this section.

**(f)** Each passenger seat under which baggage is allowed to be stowed shall be fitted with a means to prevent articles of baggage stowed under it from sliding forward.  In addition, each aisle seat shall be fitted with a means to prevent articles of baggage stowed under it from sliding sideward into the aisle under crash impacts severe enough to induce the ultimate inertia forces specified in the emergency landing condition regulations under which the airplane was type certificated.

**(g)** In addition to the methods of stowage in paragraph (c) of this section, flexible travel canes carried by blind individuals may be stowed—

    **(1)** Under any series of connected passenger seats in the same row, if the cane does not protrude into an aisle and if the cane is flat on the floor; or

    **(2)** Between a nonemergency exit window seat and the fuselage, if the cane is flat on the floor; or

    **(3)** Beneath any two nonemergency exit window seats, if the cane is flat on the floor; or

    **(4)** In accordance with any other method approved by the Administrator.